### HORACE PARK vs. LOVELL BAKER.

A large and heavy wooden box, lined with zinc, which is put together in a room of a tavern, and used for an ice chest, is personal property, and will not pass by a deed of the real estate, although it cannot be removed from the room without being taken in pieces, and is well adapted to the uses of a tavern.

TORT. The first count was for the conversion of various articles of personal property; and the second for breaking and entering the plaintiff's close, and carrying away an ice chest.

It was agreed in the superior court that the ice chest was built by a former lessee of a tavern in Bolton, and was always thereafter, until the commission of the acts complained of in this suit, used for the purposes of the tavern by the successive

lessees thereof, in the room in which it was built, until finally the title to the real estate became vested in the plaintiff, and the ice chest was sold by one to another of the lessees until it was purchased by John W. B. Forbes, the last lessee. " The ice chest was a large and heavy wooden box, lined with zinc, in no way or manner connected with or affixed to the building, but was so large that it could not be removed through the door or from the room without taking it in pieces. The defendant, claiming it to be the property of Forbes, took it in pieces and removed it."

Upon these facts, *Rockwell*, J. ruled that the plaintiff could maintain his action upon the second count, and the jury accordingly returned a verdict in his favor. The defendant alleged exceptions.

*G. F. Verry*, for the defendant, was stopped by the court.

*G. A. Torrey*, (*N. Wood* with him,) for the plaintiff.

BIGELOW, C. J. If we regard the right of the plaintiff in a light most favorable to his claim to hold all the articles on the premises described in the writ, which, according to the most liberal construction of the rule of law, could be deemed to be fixtures as between vendor and purchaser of real estate, we can see no ground on which it can be maintained that he acquired any title to the article which is the sole subject of controversy in the present action. It had none of the distinguishing characteristics of a fixture. It was not actually annexed to the freehold, nor was it of a nature to be deemed constructively affixed to the realty, like locks, keys, windows, blinds or shutters, which, though they may be temporarily disannexed, are nevertheless *perpetui usus causa*, and necessary for the convenient occupation of the premises. It is true that it was well adapted to be used in carrying on the business to which the premises had been appropriated before the purchase of them by the plaintiff. But this of itself is quite an immaterial element in determining the nature of the article. Many articles of furniture and other chattels of a purely personal nature are useful and convenient in the prosecution of a particular trade or business, which can in no just sense or as between any classes of persons be deemed to be fixtures. The only fact in the case which forms even a plausible ground for

the plaintiff's claim is, that the article in controversy was large and heavy, and could not be removed from the room in which it was situated without being taken in pieces. But this is quite insufficient to make it a fixture, in the legal sense of that word. The nature or character of the article cannot be determined by its size or weight only. A bedstead, wardrobe, sideboard or book case is often large and heavy and incapable of being removed from a room or house without being taken apart; but no one would contend that for that reason such an article is to be regarded as a fixture, and that it would pass on a sale of the realty to the purchaser. If, in the case at bar, the ice chest had been of smaller dimensions and easily removable, there would certainly have been no ground for claiming it as a fixture. It was not shown that the one in controversy could not have been readily taken in pieces, or that its removal by separating it into parts would essentially injure it; so that its size and weight are wholly immaterial in their bearing on the question whether it was in a legal sense a fixture.

In this state of facts, we know of no authority and can see no just ground on which it can be held that the plaintiff acquired any right to the article in controversy by his purchase of the real estate. *Exceptions sustained.*